UNITED STATES DISTRICT COURT

IN WESTERN DISTRICT OF MICHIGAN

**MIRIAM CASTILLO**

    Plaintiff,

v.

**VISTA MANUFACTURING, INC.,**
a Michigan Corporation, AND
**BLACK BROS. CO.**, an Illinois
Corporation

    Defendants.

No. 1:22-CV-00139-JMB-PJG

Hon. Jane M. Beckering

| LISS, SHAPERO & MITNICK | WARD, ANDERSON, PORRIT, BRYANT, LORD & ZACHARY |
|---|---|
| Anthony D. Shapero (P54710) | Russell W. Porritt, II (P38659) |
| Scott M. Mitnick (P70857) | Attorneys for Defendant Vista Mfg. |
| Attorneys for Plaintiff | 4190 Telegraph Rd., Ste. 2300 |
| 2695 Coolidge Highway | Bloomfield Hills, MI 48302 |
| Berkley, Michigan 48072 | (P) (248) 593-1440 (F) 248-593-7920 |
| (P) (248) 584-1300 (F) (248)584-1323 | rporritt@wardanderson.com |
| ashapero@LSMLawyers.com | bostentoski@wardanderson.com |
| smitnick@LSMLawyers.com | |

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff MIRIAM CASTILLO by and through her attorneys, LISS, SHAPERO & MITNICK, and complains against Defendants VISTA MANUFACTURING, INC., a Michigan Corporation, and BLACK BROS. CO., an Illinois Corporation, as follows:

### General Allegations / Nature of the Action

1. This is an action for damages by Plaintiff MIRIAM CASTILLO against her former employer, Defendant VISTA MANUFACTURING, INC., and against Defendant BLACK BROS. CO. for damages arising out of an October 6, 2020, workplace incident

1

involving Defendant VISTA MANUFACTURING INC.S's known defective Pinch Roller Machine, which was negligently designed and/or manufactured by Defendant BLACK BROS. CO..

2. Plaintiff's injuries hereinafter described were proximately caused by Defendants' actions and/or inactions when it had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge.

3. Plaintiff brings this Cause of Action against Defendant VISTA MANUFACTURING INC. under the Exception to the Exclusive Remedy Rule under the Michigan Worker's Disability Compensation Act of 1969, MCL 418.131

### Jurisdiction, Venue and Parties

4. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs one (1) through three (3) of this Complaint as if specifically set forth herein.

5. Plaintiff MIRIAM CASTILLO, at the time of the instant action, resided in the City of Bolingbrook, County of Will, State of Illinois.

6. That the cause of action arose out of an October 6, 2020, workplace injury incident involving Plaintiff MIRIAM CASTILLO, while working for Defendant VISTA MANUFACTURING INC. in the City of Grand Rapids, Michigan.

7. Defendant VISTA MANUFACTURING INC. is a Michigan corporation, licensed to conduct business in the State of Michigan and at all relevant times hereto was conducting a systematic business in the Western District of Michigan.

8. Defendant BLACK BROS. CO. is an Illinois Corporation, licensed to conduct business in the State of Michigan and at all relevant times hereto was conducting a systematic business in the Western District of Michigan.

9. This Cause of Action arose in the City of Grand Rapids, State of Michigan

10. This is an action for money damages. The amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs and interest.

11. This Court has jurisdiction pursuant to the following statutes:

    a. 28 USC § 1332, which gives district courts Federal diversity jurisdiction, where complete diversity exists as Plaintiff is a citizen of the state of Illinois and Defendant is a Michigan Corporation with its principal place of business in the state of Michigan, and the amount in controversy exceeds the sum or value of $75,000.00;

    b. 28 USC § 1367, which gives district courts supplemental jurisdiction over state law claims.

12. Venue is appropriate in this judicial district under 28 USC § 1391(b) because the events that gave rise to this Complaint occurred in this district.

13. Venue is proper in, and Defendant is subject to the personal jurisdiction of, this Court because Defendant maintains facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 USC 1391(b); 42 USC 2000e-5(f)(3).

**Facts**

14. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs one (1) through thirteen (13) of this Complaint as if specifically set forth herein.

15. On October 6, 2020, Plaintiff MIRIAM CASTILLO was working for Defendant VISTA MANUFACTURING INC. in Defendant's factory.

16. While in the scope and course of her employment with Defendant VISTA MANUFACTURING INC. Plaintiff was required to operate a Pinch Roller Machine.

17. The Pinch Roller Machine was located on Defendant's premise and was under the oversight and control of Defendant.

18. That Plaintiff as part of her employment was required to use the Pinch Roller Machine.

19. That Defendant provided little to no training to Plaintiff as to the use of the Pinch Roller Machine.

20. That Plaintiff was nonetheless required to operate said Pinch Roller Machine with no supervision.

21. That on October 6, 2020, Plaintiff was required to operate said Pinch Roller Machine and was operating same.

22. That prior to October 6, 2020, Defendant VISTA MANUFACTURING INC. was put on notice that said Pinch Roller Machine malfunctioned, had an problem with the accelerator, was dangerous, and was certain to cause severe injury or death.

23. That prior to October 6, 2020, Defendant VISTA MANUFACTURING INC. was put on notice that said Pinch Roller Machine injured other employees.

24. That on October 6, 2020, Defendant VISTA MANUFACTURING INC. knew that said Pinch Roller Machine was dangerous and was certain to cause severe injury or death.

25. That pursuant to the Notice of Non-Party Fault filed by Defendant VISTA MANUFACTURING INC., Defendant BLACK BROS. CO. was the manufacturer of the Pinch Roller Machine, and was wholly or partially responsible at fault for negligent design and/or manufacture of the Pinch Roller Machine.

26. That pursuant to the Notice of Non-Party Fault filed by Defendant VISTA MANUFACTURING INC., Defendant BLACK BROS. CO.'s negligent design and/or manufacture of the Pinch Roller Machine was a proximate cause of Plaintiff's injuries.

27. That on October 6, 2020, as Plaintiff was operating said Pinch Roller Machine when the machine malfunctioned, the accelerator sped up, there were no protective devices nor any emergency stopping mechanism, and as a result Plaintiff sustained severe and disabling injury to her left upper extremity, including but not limited to her left ring finger- including partial amputation, left hand, and Complex Regional Pain Syndrome.

28. That as a direct and proximate result of the October 6, 2020, incident, Plaintiff has suffered significant economic and non-economic damages, as more fully set forth below.

## **Count I:  Liability for Gross Negligence / Defendant VISTA MANUFACTURING, INC. Having Actual Knowledge That an Injury was Certain to Occur and Willfully Disregarded That Knowledge**

29. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs one (1) through twenty-eight (28) of this Complaint as if specifically set forth herein.

30. That Defendant VISTA MANUFACTURING, INC. was well aware of the certainty of severe injury or death posed by continuing to have its employees operate the Pinch Roller Machine, knowing its ability and likelihood to malfunction.

31. That Defendant VISTA MANUFACTURING, INC. was well aware of the certainty of severe injury or death posed by continuing to have its employees operate the Pinch Roller Machine, knowing its ability and likelihood to cause injury.

32. That Defendant VISTA MANUFACTURING, INC. wase well aware of the certainty of severe injury or death posed by the lack of safety devices, materials, protectors used relative to the Pinch Roller Machine.

33. That Defendant VISTA MANUFACTURING, INC. was well aware of the certain of severe injury or death presented by an unqualified and/or untrained individual operating the Pinch Roller Machine that was known to have operating problems and issues with the accelerator.

34. That Defendant VISTA MANUFACTURING, INC. was well aware of the certainty of severe injury or death presented by an individual operating the Pinch Roller Machine, in the absence of proper supervision, training, and procedures.

35. That Discovery in this matter may reveal additional information and evidence as to Defendant VISTA MANUFACTURING, INC. being well aware of the certainty of severe injury or death.

36. That the dangerous conditions were a continuously operating condition.

37. That Defendant VISTA MANUFACTURING, INC., at no time, took any prudent and/or reasonable action to alleviate the continuously operating dangerous condition.

38. That the Defendant VISTA MANUFACTURING, INC. was notified and informed that the above-listed dangerous conditions were such as to be certain to cause injury.

39. That the actions of the Defendant VISTA MANUFACTURING, INC. as set forth above were deliberate.

40. That Defendant VISTA MANUFACTURING, INC. had actual knowledge that an injury was certain to occur.

41. That Defendant VISTA MANUFACTURING, INC. willfully disregarded that knowledge.

42. That as a direct and proximate result of the actions and/or inactions of the Defendant VISTA MANUFACTURING, INC., the Plaintiff suffered severe and disabling injury to her left upper extremity, including but not limited to her left ring finger, left hand, and Complex Regional Pain Syndrome.

43. That as a direct and proximate result of the actions and/inactions of the Defendant VISTA MANUFACTURING, INC., Plaintiff suffered past present and future damages, including but not limited to:
    a. Pain and suffering
    b. Permanent serious disfigurement

    c. Humiliation and embarrassment

    d. Loss of use of her left finger and/or hand

    e. Loss income

    f. Loss employability

    g. Loss ability

    h. Medical expenses

    i. Loss of enjoyment of life

    j. Emotional, mental and psychological damages

    k. Any and/all additional damages learned through Discovery.

### Count II:  Liability Against Defendant BLACK BROS. CO.

44. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs one (1) through forty-three (43) of this Complaint as if specifically set forth herein.

45. At all times materially relevant to this action, Defendant BLACK BROS., CO. was in the business of designing, manufacturing, packaging, delivery and installation of Pinch Roller Machines.

46. That according to a Notice of Non-Party at Fault filed by Defendant VISTA MANUFACTURING INC., Defendant BLACK BROS. CO. was the Pinch Roller Machine engineering and manufacturing company that designed the Pinch Roller Machine purchased by Defendant VISTA MANUFACTURING INC. and used in its factory where Plaintiff, MIRIAM CASTILLO was caused serious and permanent injuries and disfigurement.  (See Notice of Non-Party at Fault attached as Exhibit 1).

47. The Pinch Roller Machine Defendant BLACK BROS. CO. designed, engineered and installed in Defendant VISTA MANUFACTURING INC'S factory was defective and unreasonably dangerous to a person who might reasonably be expected to operate it. These defects include, but are not limited to, the conditions described in the following paragraphs:

48. Defendant BLACK BROS. CO. negligently designed, manufactured, tested, inspected and installed the Pinch Roller Machine in Defendant VISTA MANUFACTURING INC. S factory, so that the Pinch Roller Machine would fail, causing injury to users.

49. Defendant BLACK BROS. CO. committed other acts of negligence that may become known through discovery.

50. The Pinch Roller Machine, including the accelerator and any of its other components, was inadequate to maintain proper and steady speeds under normal use as it had the propensity to fail/change speeds without warning causing injuries to users.

51. The Pinch Roller Machine lacked proper working safety features so to protect against injuries.

52. The Pinch Roller Machine was expected by Defendant BLACK BROS. CO. to reach, and did reach the user or consumer without substantial change to the condition in which it was sold and installed.

53. Plaintiff was a person who reasonably would be expected to use the Pinch Roller Machine.

54. That the Pinch Roller Machine failed, causing Plaintiff to sustain injuries.

55. That defects in the Pinch Roller Machine were a cause of Plaintiff's injuries and damages.

56. That Defendant BLACK BROS. CO. is strictly liable to Plaintiff for injuries caused by the defects and inadequacies in the design and/or manufacture of the Pinch Roller Machine.

57. That as a direct and proximate consequence of the negligent acts and/or omissions of Defendant BLACK BROS. CO., Plaintiff, MIRIAM CASTILLO suffered painful, severe, permanent, and disabling injuries including, but not limited to her left upper extremity, including but not limited to her left ring finger, left hand, and Complex Regional Pain Syndrome, and leaving her with a significant, permanent, serious, hand and finger scar and disfigurement, as well as other related and appreciable difficulties, injuries or consequences that have occurred, developed, aggravated or activated any preexisting or latent condition that might have existed.

58. That as a direct and proximate result of the actions and/inactions of the Defendant BLACK BROS. CO., Plaintiff suffered past present and future damages, including but not limited to:
    a. Pain and suffering
    b. Permanent serious disfigurement
    c. Humiliation and embarrassment
    d. Loss of use of her left finger and/or hand
    e. Loss income
    f. Loss employability
    g. Loss ability

      h.  Medical expenses

      i.  Loss of enjoyment of life

      j.  Emotional, mental and psychological damages

      k.  Any and/all additional damages learned through Discovery.

WHEREFORE, Plaintiff prays for Judgment against Defendant in an amount deemed fair and just in excess of seventy-five thousand ($75,000.00) dollars, together with an award of costs, interest and attorney fees so wrongfully incurred.

                Respectfully Submitted,

                **LISS, SHAPERO & MITNICK**

      By:    */s/ Scott M. Mitnick*
                Anthony D. Shapero (P54710)
                Scott M. Mitnick (P70857)
                Attorneys for Plaintiff
                2695 Coolidge Highway
                Berkley, Michigan 48072
                (248) 584-1300

Dated:  October 12, 2022